UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LEOPORDO ZORILLA, a.k.a.      )
ALFONSO SILVERIO-MERCEDES,    )
          Petitioner,        )
                             )
          v.                 )      C.A. No. 03-12633-NG
                             )
STATE OF NEW YORK,           )
COURT OF APPEALS,            )
          Respondent.        )
```

<u>MEMORANDUM AND ORDER OF DISMISSAL</u>

For the reasons set forth below, this action is dismissed for lack of subject matter jurisdiction. The Clerk shall be directed to mail Petitioner Zorilla a copy of this Memorandum and Order of Dismissal as follows: Alfonso Mercedes-Silverio, W#58058 (a.k.a. Leopordo Zorilla), M.C.I. Norfolk, P.O. Box 43, Norfolk, MA 02056-0043.

<u>BACKGROUND</u>

On July 6, 1993, after failing to appear for his last day of trial, a New York jury found Petitioner guilty of criminal possession of a controlled substance. Petition, p. 3. On July 22, 1993, Petitioner was sentenced in absentia. <u>Id.</u> The judgment of conviction was affirmed on direct appeal. <u>Id.;</u> <u>see also People v. Silverio-Mercedes</u>, 239 A.D.2d 923, 661 N.Y.S.2d 819, lv. denied 90 N.Y.2d 943, 664 N.Y.S.2d 762, 687 N.E.2d 659 (1997). On March 19, 2002, the trial court denied

1

petitioner's post-conviction motion under New York Criminal Procedure Law ("CPL") § 440.20.  <u>Id.</u>

Petitioner complains "since that date, the defendant [New York State Court of Appeals] has made and failed at several attempts to appeal the arbitrary denial.  <u>Id.</u>  Specifically, petitioner alleges that he has "mailed his appeal package of documents effecting the appeal only to have it returned as unfiled due to failure to comply with the required rules and procedures."  <u>Id.</u> at p. 2.  Petitioner complains that the New York State Court of Appeals has denied him "access to appeal of his criminal sentence, violate[d] his constitutional rights to access to the courts, and seeks to have this court grant "his due process guaranteed him by the U.S. Constitution in Amendment 14." <u>Id.</u> at pp. 2-3.

On December 22, 2003, petitioner Leopordo Zorilla submitted to this Court his self-prepared petition for writ of mandamus ordering a state court to file his appeal.  <u>See</u> Petition.  The petition is accompanied by several exhibits. Petitioner brings his petition pursuant to the "Federal Rules of Appellate Procedure, 28 U.S.C. § 1361 and the Fourteenth Amendment to the United States Constitution.  <u>Id.</u> at p. 1.  On February 3, 2004, petitioner filed a motion (Docket No. 1) to the clerk for docket entrys (sic) and receipt of action.

2

Petitioner's motion states, among other things, that his name is Alfonso Mercedes-Silverio and that he is scheduled to be transferred from M.C.I. Norfolk on March 3, 2004.

### REVIEW

This Court has an obligation to inquire <u>sua</u> <u>sponte</u> whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking.  <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988).  Thus, if the Court determines that subject-matter jurisdiction does not exist, it must dismiss this case and not reach the merits.  <u>Pallazola v. Rucker</u>, 797 F.2d 1116, 1128 (1st Cir. 1986).

### DISCUSSION

As an initial matter, petitioner has not paid the $150.00 filing fee or filed an Application to Proceed Without Prepayment of Filing Fees.  A party filing a civil complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an Application to Proceed Without Prepayment of Fees and Affidavit.  <u>See</u> 28 U.S.C. 1914(a) ($150.00 filing fee); 28 U.S.C. 1915 (proceedings <u>in</u> <u>forma</u> <u>pauperis</u>).  An Application to Proceed Without Prepayment of Fees must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration.  <u>See</u> 28 U.S.C. § 1915(a)(2).  Generally, a party is granted additional time

3

to either pay the fee or file an Application to Proceed Without Prepayment of Fees, however, this action is subject to dismissal for lack of mandamus jurisdiction.

To the extent petitioner seeks a writ of mandamus ordering a state court to file his appeal, this court lacks jurisdiction over such claim.  Section 1361 of title 28 provides that:

> [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Here, the respondent is not a federal officer, employee or agency and, as such, is not subject to the statutory mandamus authority of this Court.  Therefore, this Court lacks jurisdiction to entertain petitioner's request for mandamus relief.

Additionally, a federal court cannot direct a state court or judicial officer to perform an official act where mandamus is the only relief sought.  See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (federal court cannot control or interfere with state court litigation by way of mandamus).  The Court therefore concludes that this action should be summarily dismissed for lack of jurisdiction.

ORDER

ACCORDINGLY, the petition for writ of mandamus is DISMISSED under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

The Clerk shall mail Petitioner Zorilla a copy of this Memorandum and Order of Dismissal as follows: Alfonso Mercedes-Silverio, W#58058 (a.k.a. Leopordo Zorilla), M.C.I. Norfolk, P.O. Box 43, Norfolk, MA  02056-0043.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>25th</u> day of <u>February</u>, 2004

<u>  /s Nancy Gertner</u>
NANCY GERTNER
UNITED STATES DISTRICT JUDGE